Filed 7/31/14  P. v. Gordon CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C075825 |
| Plaintiff and Respondent, | (Super. Ct. No. CM038133) |
| v. | |
| KEVIN WILLIAM GORDON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Kevin William Gordon has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We find no arguable error that would result in a disposition more favorable to defendant and affirm the judgment.

1

## BACKGROUND

On November 2, 2012, defendant turned his car in front of an oncoming van driven by John Foley.  Foley attempted to stop but was unable to do so and crashed into defendant's car.  Foley's three young children, who were in the van, suffered minor injuries.  Defendant's car sustained damage to the front and passenger side and Foley's van had extensive front end damage.  Defendant fled the scene after the accident.  A search of defendant's car revealed over 75 grams of marijuana (net weight) and a digital camera containing defendant's photograph, which led to his arrest.

Defendant entered a negotiated plea of no contest to leaving the scene of an injury accident (Veh. Code, § 20001, subd. (a); count 1) and admitted a strike prior (1989 kidnapping; Pen. Code, §§ 667, subds. (b)-(i), 1170.12) in exchange for dismissal of the remaining counts (possession of marijuana for sale, transportation of marijuana) and four prior prison terms with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754.

The trial court sentenced defendant to state prison for the upper term of three years, doubled to six years for the strike prior, and awarded 428 days of presentence custody credits.  The court ordered defendant to pay $7,689 in victim restitution and various other fines, fees, and assessments.

Defendant appeals.  He did not obtain a certificate of probable cause.  (Pen. Code, § 1237.5.)

## DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

**DISPOSITION**

The judgment is affirmed.


                                             _____DUARTE_____, J.


We concur:


_____RAYE_____, P. J.


_____BUTZ_____, J.

3